IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHELLE K. WRIGHT (f.k.a. MICHELLE HUTZEL), | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No.:1:15-cv-00527-JKB |
| vs. | * | |
| M&T BANK, | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
M&T BANK'S MOTION TO DISMISS</u>**

Defendant M&T Bank ("M&T"), by and through its undersigned attorneys, submits this memorandum of law in support of its motion to dismiss the Complaint filed by Plaintiff Michelle K. Wright (f.k.a. Michelle Hutzel) ("Plaintiff").

### I.     INTRODUCTION

With a foreclosure case pending in the Circuit Court for Washington County, Plaintiff filed this lawsuit against M&T claiming violations of: (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA"); (ii) the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-101, *et seq.* ("MCPA"); (iii) the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §§ 14-201, *et seq.* ("MCDCA"); and (iv) the Maryland Mortgage Fraud Protection Act, Md. Code Ann., Real Prop. §§ 7-401, *et seq.* ("MMFPA").  In her Complaint, Plaintiff does not dispute that she incurred the underlying debt when she executed the promissory Note ("Note") and Deed of Trust ("Deed of Trust"), nor does she dispute that she is in default on her payment obligations under the Note.  Rather,

Plaintiff alleges that M&T, in its capacity as the servicer of her mortgage, violated the law when the substitute trustees in the pending foreclosure action scheduled the sale of the subject property to take place prior to mediation. Plaintiff pursues her claims despite the fact that the sale of the property was stayed while she participated in foreclosure mediation. As explained below, Plaintiff's claims are individually and collectively without merit.

Plaintiff's claim for violation of the FDCPA fails because M&T is not a "debt collector" subject to liability under the Act. M&T is Plaintiff's loan servicer, and loan servicers are specifically excluded from the definition of a "debt collector." Plaintiff's claims for violations of the MCPA and MCDCA are equally flawed. Plaintiff has failed to sufficiently plead the necessary elements to support these causes of action. Notably, Plaintiff does not allege that she suffered any actual injury or damages as a result of M&T's alleged conduct, nor does Plaintiff adequately allege plausible facts demonstrating that she relied on any purported misrepresentation. Finally, like her other claims, Plaintiff's MMFPA claim is untenable because Plaintiff did not rely on any alleged misrepresentation by M&T so as to support a claim for mortgage fraud.

For these reasons, Plaintiff has failed to state a claim upon which relief can be granted and, M&T is therefore entitled to dismissal of Plaintiff's Complaint as a matter of law.

## II.   FACTUAL ALLEGATIONS

On or about July 7, 2006, Plaintiff obtained a mortgage loan ("the Loan") for the Property. Compl., ¶¶ 7-8. In connection with the Loan, Plaintiff executed a promissory Note and Deed of Trust securing the Note. *Id.*

Subsequent to obtaining the Loan, Plaintiff fell into default and stopped making payments on the Loan. As a result, M&T, as the servicer of the Loan and holder of the Deed of Trust, appointed

Substitute Trustees to proceed with enforcement of the Deed of Trust.  The Substitute Trustees caused a foreclosure action to be docketed in the Circuit Court for Washington County on December 10, 2014.  Compl., ¶ 9; *see also* Ex. 1 attached hereto for *Laura H.G. O'Sullivan et al., Substitute Trustees v. Michelle K. Hutzel*, Civil Action No. 21-C-14-052579 (Cir. Ct. for Washington County).[1]

When the case was docketed for foreclosure, the Substitute Trustees served Plaintiff with the Notice of Foreclosure Action.  Compl., ¶ 10.  The Notice informed Plaintiff of her right to request foreclosure mediation.  *Id.*  According to the Complaint, Plaintiff thereafter filed a request for foreclosure mediation.  *Id.*  The foreclosure mediation was scheduled for March 10, 2015, while the foreclosure sale was scheduled for February 25, 2015.  Compl., ¶¶ 11-12.  The foreclosure sale, however, never took place.  The Docket Sheet reflects that on February 24, 2015, the Circuit Court for Washington County, Maryland, issued an order staying foreclosure proceedings and that mediation was subsequently held, but was unsuccessful.  *See* Ex. 1.

### III.   STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) motion is to provide a defendant with a mechanism for testing the legal sufficiency of the complaint and to preserve judicial resources and avoid unnecessary discovery.  *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), *cert. denied*, 514 U.S. 1007 (1995).  To survive dismissal, "a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[1] Plaintiff attached the Docket Sheet to the Complaint as Exhibit C, but M&T is now attaching an updated and current Docket Sheet for this Court's consideration.

3

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A court need not accept a plaintiff's legal conclusions as true, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV.   ARGUMENT

**A.   Plaintiff's Claim For Violation Of The Fair Debt Collection Practices Act Fails Because M&T Is Not A "Debt Collector."**

"To establish a FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 (4th Cir. 2012) (internal citations and quotation marks omitted). Even assuming Plaintiff alleged sufficient facts to establish the first and third elements of her claim, she has not and cannot allege any set of facts that would make M&T a debt collector as defined by the FDCPA.

It is well-settled that provisions of the FDCPA apply only to debt collectors. *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 400 (3d Cir. 2000). Thus, Plaintiff must, as a threshold matter, demonstrate that M&T is a "debt collector." A "debt collector" is narrowly defined by the FDCPA as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

4

15 U.S.C. § 1692a(6) (emphasis added).  Specifically excluded from the term "debt collector" are a consumer's creditors, mortgage servicing companies, or assignees of debt, as long as the debt was not in default at the time it was assigned.  *See* 15 U.S.C § 1692a(6)(A), (F); *see also FTC v. Check Investors, Inc.*, 502 F.3d 159, 172-74 (3d Cir. 2007); *Scott v. Wells Fargo Home Mortgage, Inc.*, 326 F. Supp. 2d 709, 718 (E.D. Va.), *aff'd*, 67 Fed. App'x 238 (4th Cir. 2003) (holding that the law is "well-settled" that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA).  Indeed, "[t]he legislative history of section 1692a(6) indicates conclusively that debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

Here, Plaintiff fails to allege any facts that she was in default under the Note at the time M&T began servicing her loan.  Plaintiff's failure (and inability) to allege such facts is "fatal to [her] FDCPA claim[]."  *Willis v. Bank of America*, No. ELH-13-02615, 2014 WL 3829520, at *33 (D. Md. Aug. 1, 2014) (citing *Brumberger v. Sallie Mae Servicing Corp.*, 84 F. App'x 458, 459 (5th Cir. 2004) ("By its plain terms the FDCPA does not apply to Sallie Mae because [plaintiff] does not allege that he was in default at the time Sallie Mae began servicing his loans."); *Edmond v. Am. Educ. Servs.*, No. 10–0578(JDB), 2010 WL 4269129, at *5 (D.D.C. Oct. 28, 2010) ("Absent an allegation that plaintiff's loan was in default when [defendant] acquired it, [defendant] is not a debt collector and thus is not subject to the FDCPA."); *Sparrow v. SLM Corp.*, No. RWT–08–00012, 2009 WL 77462, at *3 (D. Md. Jan. 7, 2009) ("[T]here is no allegation or factual support that Plaintiff's loans were in default if and when they were received by Sallie Mae and thus there is no basis for holding Sallie Mae subject to the FDCPA as a 'debt collector.'"))).  As such, because M&T is Plaintiff's mortgage servicer, and because the Loan is

5

not alleged to have been in default at the time M&T became the Loan's servicer, M&T is not subject to liability under the FDCPA.

B.  **Plaintiff's Claim For An Alleged Violation Of The Maryland Consumer Protection Act Must Be Dismissed Because Plaintiff Fails To Allege Actual Injury Or Damages And Because Plaintiff Did Not Rely On Any Alleged Misrepresentation.**

Plaintiff claims that M&T violated the MCPA when the foreclosure sale was scheduled prior to the foreclosure mediation and when notice of the sale was published in a newspaper.  Compl., ¶¶ 22-23.  Even if this were true, Plaintiff's claim is still subject to dismissal because (i) Plaintiff fails to allege any actual damages proximately caused by the alleged scheduling error, and (ii) Plaintiff did not rely on any purported misrepresentation.  For either or both of these reasons, Plaintiff has failed to adequately plead the necessary elements to state a claim under the MCPA and Count II of the Complaint must therefore be dismissed.

The MCPA prohibits unfair or deceptive trade practices, including making "a false . . . or misleading oral or written statement . . . or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers."  Md. Code Ann., Com. Law ("C.L.") § 13-301(1), § 13-303.  In order to state a private cause of action under an MCPA claim, a plaintiff must adequately plead (i) the defendant engaged in an unfair or deceptive trade practice or misrepresentation, (ii) the plaintiff relied upon the alleged misrepresentation, and (iii) the plaintiff suffered actual injury or loss as a result of the prohibited practice.  *Currie v. Wells Fargo Bank*, 950 F. Supp. 2d 788, 796 (D. Md. 2013); *see also McGraw v. Loyola Ford, Inc.*, 124 Md. App. 560, 581, 723 A.2d 502, 512 (1999).  The actual injury or loss sustained as a result of a defendant's alleged deceptive trade practice must be "objectively identifiable . . . [i]n other words, the consumer must have suffered an identifiable loss,

6

measured by the amount the consumer spent or lost as a result of his or her reliance" on the alleged misrepresentation. *Lloyd v. Gen'l Motors Cor.*, 397 Md. 108, 143, 916 A. 2d 257, 277 (2007).

Here, Plaintiff generally alleges that she incurred "actual damages" in her prayer for relief, but does not provide any facts setting forth what those damages are or how she sustained them as a result of M&T's alleged conduct. *See* Compl., ¶¶ 20-22. Plaintiff's bald and conclusory allegation of damages is plainly insufficient to state a private cause of action under the MCPA.

In addition to failing to plead actual injury, Plaintiff does not provide any factual support in her Complaint showing that she relied on M&T's alleged conduct in any respect. *See, e.g., Bank of America, N.A. v. Jill P. Mitchell Living Trust*, 822 F. Supp. 2d 505, 533 (D. Md. 2011) ("The requirement of reliance flows from the MCPA's prescription that the party's 'injury or loss' be 'the result of' the prohibited practice.") (quoting CL § 13-408). Indeed, Plaintiff does not allege how she supposedly relied on the alleged misrepresentation or omission by M&T or how the bank's alleged wrongful actions impacted her circumstances or conduct. Absent such factual support, Plaintiff has failed to state a claim for violation of the MCPA.

C. **Plaintiff's Claim For Violation Of The MCDCA Fails Because M&T Had The Right To Initiate Foreclosure Proceedings Based On The Undisputed Default And Because Plaintiff Fails To Allege Any Actual Damages.**

In Count III, Plaintiff accuses M&T of engaging in conduct in violation of the MCDCA. Specifically, Plaintiff alleges that M&T "claim[ed], attempt[ed], or threaten[ed] to enforce a right with knowledge that the right does not exist" when the foreclosure sale was scheduled prior to the date scheduled for mediation. Compl., ¶ 26. Plaintiff's claim under the MCDCA fails for three equally compelling reasons.

*First*, the MCDCA provides that a "debt collector" may not "claim, attempt, or threaten to enforce a right with *knowledge that the right does not exist*." C.L. § 14-202(8) (emphasis added). This language has been interpreted to "require[] Plaintiffs to allege that Defendants acted with knowledge as to the *invalidity* of the debt." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 769-70 (D. Md. 2012) (emphasis in original). Plaintiff makes no such allegation here. Instead, Plaintiff merely recites the statutory language (Compl., ¶ 26) without ever disputing or challenging the underlying debt. Accordingly, Plaintiff has not (nor can she) allege sufficient facts to state a claim under the MCDCA.

*Second*, as explained above, M&T is Plaintiff's loan servicer and thus has the right to enforce the provisions of the Deed of Trust. Plaintiff does not dispute owing the underlying debt, nor does she dispute being in default under the terms of the Note. As such, the Deed of Trust expressly allows M&T and the Substitute Trustees to foreclose upon the uncured default. *See* Ex. A (Deed of Trust, ¶ 18) to Complaint. Accordingly, to the extent that Plaintiff's MCDCA claim is predicated on a scheduling error in an otherwise lawfully initiated foreclosure proceeding, the claim fails as a matter of law. *See Marchese v. JP Morgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 463-64 (D. Md. 2013) (dismissing a claim under the MCDCA where substitute trustees allegedly made misrepresentations during foreclosure process because the borrower was already in default when foreclosure proceedings were initiated and the loan servicer's "right to foreclose came about when [the borrower] defaulted on his mortgage prior to the Foreclosure Action" and because the foreclosure documents "did not contain false information regarding the underlying debt.").

*Third*, much like Plaintiff's deficiently pled claim for violation of the MCPA, Plaintiff fails to set forth any facts to support the contention that she has been damaged. Rather, the Complaint makes only the conclusory averment that M&T caused Plaintiff "actual damage" and that statement does not appear

8

in the allegations but rather in the *ad damnum*. *See* Prayer for Relief in Count III of the Complaint. Section 14-203 of the MCDCA requires that a "collector who violates any provision of this subtitle is liable for any damages proximately caused by the violation, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury." No facts are pleaded in the Complaint regarding any alleged injury sustained by Plaintiff, much less an explanation as to how the alleged violation of the MCDCA caused harm to Plaintiff. This is particularly troubling here where the foreclosure sale, about which Plaintiff now complains, never took place. In short, Count III contains nothing more that the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court rejected. *Iqbal*, 556 U.S. at 678.

D.   **Plaintiff's MMFPA Claim Fails Because Plaintiff Did Not Rely On Any Alleged Misrepresentation By M&T.**

Plaintiff's final cause of action in Count IV relates to her contention that M&T violated the MMFPA by informing her that the foreclosure sale would take place prior to the scheduled mediation. Specifically, Plaintiff contends that she somehow relied on this representation and, as a result, "defaulted on the Note." Compl., ¶ 33. Plaintiff's claim strains credulity and must be dismissed.

The MMFPA generally prohibits "commit[ing] mortgage fraud." R.P. § 7-402.[2] Thus, "courts

---

[2] Because a claim for a violation of MMFPA implicates fraud, the MMFPA is subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings, LLC*, 929 F. Supp. 2d 502, 532 (D. Md. 2013); *see also Ayres v. Ocwen Loan Servicing, LLC*, Civ. No. WDQ-13-1597, 2014 WL 4269051, at *8 (D. Md. Aug. 27, 2014) (MMFPA claim subject to heightened pleading standard of Rule 9(b) because plaintiffs' claim sounded in fraud). Rule 9(b) requires that, when a plaintiff alleges fraud, a plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). These "circumstances" include "the time, place, and contents of . . . false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (citations omitted). "Fraud allegations that fail to comply with Rule 9(b) warrant dismissal under Rule 12(b)(6)." *Allen v. CitiMortgage*, No. 10-02740-CCB, 2011 WL 3425665, * 9 (D. Md. Aug. 4, 2011). While "the requirement of 'particularity' does not require the elucidation of every detail of the alleged fraud, [it] does require more than a bare assertion that such a cause of action exist[s]." *Kerby v. Mortgage Funding Corp.*, 992 F. Supp. 787, 799 (D. Md. 1998).

addressing MMFPA claims have indicated . . . that in order to state a MMFPA claim, plaintiffs must plead the elements of a common law fraud claim." *Galante v. Ocwen Loan Servicing, LLC*, Civ. Action No. ELH-13-1939, 2014 WL 3616354, at *28 (D. Md. July 18, 2014) (citations omitted). "In order to state a claim for fraud based on an affirmative misrepresentation under Maryland law, a plaintiff must ordinarily allege '(1) that the one perpetrating the fraud made a false representation to the victim; (2) that its falsity was either known to the perpetrator or that the representation was made with reckless indifference as to its truth; (3) that the misrepresentation was made for the purpose of defrauding the victim; (4) that the victim *relied on the misrepresentation and had the right to rely on it*; and (5) that the victim suffered compensable injury resulting from the misrepresentation." *Castle v. Capital One, N.A.*, WMN-13-1380, 2014 WL 176790, at *4-5 (D. Md. Jan. 15, 2014) (quoting *Thomas v. Nadel*, 427 Md. 441, 48 A.3d 276, 282 n. 18 (2012)) (emphasis added).

Here, as a threshold matter, Plaintiff's bald allegation of reliance is unsupportable. *See*, *e.g.*, *Galante*, 2014 WL 3616354, at *29 (dismissing plaintiffs' MMFPA claim where plaintiffs failed to allege reliance on defendants conduct); *see also Castle*, 2014 WL 176790, at **5-6 (dismissing MMFPA claim because although the plaintiff "surely pled damage," she failed to "sufficiently allege [ ] reliance."). It is a temporal impossibility for Plaintiff's default to have been caused by M&T's alleged misrepresentation. According to the Complaint, M&T made the alleged misrepresentation on February 6, 2015. Compl., ¶ 13. However, as evidenced by the initiation of the foreclosure case two months earlier, Plaintiff was already in default of the Note. *Id.*, ¶ 9. Accordingly, the scheduling of a foreclosure sale in February 2015 had absolutely nothing to do with Plaintiff's default on her payment obligations months earlier. Consequently, because Plaintiff has not and cannot demonstrate reliance, her MMFPA claim is subject to dismissal.

10

## V. CONCLUSION

For the foregoing reasons, Plaintiff fails to state a claim upon which relief can be granted. Accordingly, Defendant M&T Bank is entitled to dismissal of Plaintiff's Complaint in its entirety.

        Respectfully submitted,

        /s/
        Brian L. Moffet (Fed. Bar No. 13821)
        Zachary S. Schultz (Fed. Bar No. 03927)
        GORDON FEINBLATT LLC
        The Garrett Building
        233 East Redwood Street
        Baltimore, Maryland  21202-3332
        Telephone No.: 410/576 - 4291
        Fax No.: 410/576 – 4269
        Email: bmoffet@gfrlaw.com
        Email: zschultz@gfrlaw.com
        *Attorneys for Defendant M&T Bank*